UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22013-CIV-ALTONAGA/O'Sullivan

**SONIA SORDO**,

    Plaintiff,
v.

**TRAIL AUTO TAG AGENCY, INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Trail Auto Tag Agency, Inc.'s ("Defendant[']s]" or "Trail Auto[']s]") Motion for Final Summary Judgment ("Motion") [ECF No. 23], filed on February 9, 2016. Defendant seeks summary judgment on the claims asserted by Plaintiff, Sonia Sordo ("Plaintiff" or "Sordo") in the Complaint ("Complaint") [ECF No. 1], filed on May 27, 2015. Plaintiff filed an Opposition . . . ("Response") [ECF No. 26] on March 7, 2016; Defendant filed a Reply to Plaintiff's Response . . . ("Reply") [ECF No. 35] on March 17, 2016. The Court has carefully considered the parties' written submissions,[1] the record, and applicable law.

---

[1] Defendant's Motion contains a Statement of Undisputed Facts ("Defendant's Facts") (*see* Mot. ¶¶ 1–25), supported by the Sworn Declaration of Richard Prete ("Prete Declaration") [ECF No. 23-1] and the Deposition of Sonia Sordo, December 10, 2015 [ECF No. 23-2]. Plaintiff filed an Opposition to Defendant's Statement of Undisputed Facts ("Plaintiff's Facts") [ECF No. 27], supported by the Sworn Declaration of Sonia Sordo ("Sordo Declaration") [ECF No. 28].

## I. BACKGROUND[2]

This case involves claims of discrimination in the workplace, arising from Sordo's discharge. The Complaint contains a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. sections 621–34 (Count I); and the Florida Civil Rights Act ("FCRA"), Florida Statutes sections 760.01–.11 (Count II). For twenty-three years, Plaintiff worked at Trail Auto. (*See* Def.'s Facts ¶ 2; Sordo Decl. ¶ 1). Prior to her discharge, Sordo was a title clerk responsible for processing titles and registrations, in addition to other duties such as managing inventory. (*See* Def.'s Facts ¶¶ 2, 14; Pl.'s Facts ¶¶ 2, 14). At the time of her discharge, Plaintiff was seventy years old. (*See* Sordo Decl. ¶ 1).

Richard Prete ("Prete") is the owner and decision maker for Trail Auto. (*See* Def.'s Facts ¶ 1; Pl.'s Facts ¶ 1; Sordo Decl. ¶ 2). Trail Auto registers vehicle titles and tags. (*See* Def.'s Facts ¶ 3). Prior to Plaintiff's discharge, Trail Auto's biggest client was a group of four automobile dealerships called the Kendall Group. (*See id.*). Trail Auto processed approximately 1,500 to 2,000 transactions for the Kendall Group each month in 2014, prior to Sordo's discharge. (*See id.*). At some point during 2014, the Kendall Group began using new technology to register vehicle titles and tags, resulting in a 60 percent reduction in Trail Auto's revenue. (*See id.* at ¶ 4).

As a result of the loss of business from the Kendall Group, Trail Auto found it necessary to reduce expenses and undergo a reduction in force ("RIF"). (*See id.* at ¶¶ 4–5). In September 2014, Trail Auto discharged Plaintiff and three other employees. (*See id.*; Sordo Decl. ¶ 1).

---

[2] The Court has set forth the background based upon its review and consideration of Defendant's Facts, Plaintiff's Facts, and the declarations and deposition transcripts of the various witnesses in this case, including attached exhibits. Pursuant to Local Rule 56.1(b) of the U.S District Court for the Southern District of Florida, undisputed facts set forth by the movant and supported by evidence in the record are deemed admitted.

Additionally, two employees left Trail Auto voluntarily during 2014 and were not replaced.[3] (*See* Def.'s Facts ¶ 9; Pl.'s Facts ¶ 9). Sordo does not dispute the loss of business from the Kendall Group, but asserts the two employees responsible for the majority of the Kendall Group work were unaffected by the RIF. (*See* Pl.'s Facts ¶ 4). Defendant now seeks summary judgment on the two counts of the Complaint.

## II. LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)). "A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. July 25, 2008) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). At summary judgment, the moving party has the burden of proving the absence of a genuine dispute of material fact, and all factual inferences are drawn in favor of the nonmoving party. *See Allen*, 121 F.3d at 646.

---

[3] Plaintiff objects to the relevance of this fact, but does not dispute its truth. (*See* Pl.'s Facts ¶ 9). The Court finds this fact relevant because the departure of these employees contributed to Defendant's RIF. Given the size of Trail Auto's business, currently at 18 employees (*see* Reply, Ex. A, [ECF No. 35-1] 4]), a reduction by 6 employees represents a significant RIF and a significant reduction in expenses.

## III. ANALYSIS

### A. Introduction

Under the ADEA,[4] an employer violates federal law by discriminating on the basis of age against an employee who is at least forty years old. *See Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 807 (11th Cir. 2011) (citing 29 U.S.C. §§ 623(a), 631(1)). Here, where no direct evidence of discrimination exists,[5] Sordo may establish her claim through circumstantial evidence. *See id.*

In evaluating whether a plaintiff has set forth a *prima facie* case of discrimination through the use of circumstantial evidence, the Eleventh Circuit has applied the burden-shifting approach articulated in *McDonnell Douglas*. *See Walker*, 53 F.3d at 1555 (citing *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)); *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308

---

[4] Plaintiff's ADEA and FCRA claims are both subject to the same analysis. "Federal case law interpreting . . . the ADEA applies to cases arising under the FCRA." *Ashkenazi v. South Broward Hosp. Dist.*, 607 F. App'x 958, 960–61 (11th Cir. 2015) (alteration added) (quoting *City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. 4th DCA 2008)). Furthermore,

> [b]ecause the FCRA is patterned after Title VII of the Civil Rights Act of 1964 . . . we look to federal case law . . . . It is well-settled law that Florida courts follow the three-part framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), and its progeny, for establishing, by circumstantial evidence, a discrimination claim based on disparate treatment in the workplace.

*Valenzuela v. GlobeGround N. Am., LLC*, 18 So. 3d 17, 21–22 (Fla. 3d DCA 2009) (alterations added; citations omitted). Similarly, the Eleventh Circuit analyzes cases of age discrimination using the same order and allocation of proof as for Title VII cases. *See Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995). Consequently, the Court cites opinions involving Title VII cases to the same extent as those regarding ADEA cases, and Plaintiff's FCRA claim rises and falls with her ADEA claim.

[5] Direct evidence of discrimination is "evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." *Kilpatrick v. Tyson Foods, Inc.*, 268 F. App'x 860, 861–62 (11th Cir. 2008) (alterations in original) (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004)). Such direct evidence reflects "a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee," and must indicate that the adverse employment decision was motivated by the decision maker's intent to discriminate. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358–59 (11th Cir. 1999) (quoting *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998)). As a result, "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of a protected classification, constitute direct evidence." *Kilpatrick*, 268 F. App'x at 862 (alteration added). The instant case does not contain direct evidence of age discrimination.

(11th Cir. 2012). Under the *McDonnell Douglas* framework, a plaintiff must first demonstrate a *prima facie* case of discrimination, which creates a presumption that the employer discriminated against her. *See Curtis v. Broward Cty.*, 292 F. App'x 882, 883 (11th Cir. 2008) (citing *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006)); *Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997).

Where the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to come forward with evidence of a legitimate, nondiscriminatory reason for the challenged adverse employment action; this rebuts the presumption of discrimination. *See McDonnell Douglas*, 411 U.S. at 802; *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (citing *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)). If the defendant meets this burden of production, the burden then shifts back to the plaintiff to establish that the defendant's proffered reasons are merely pretext for the employer's discriminatory actions. *See McDonnell Douglas*, 411 U.S. at 804; *Pennington*, 261 F.3d at 1266 (citing *Olmstead*, 141 F.3d at 1460). In other words, a plaintiff must come forward with evidence "'sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons' for the employment action." *Perrero v. Spectacor Mgmt. Grp.*, 308 F. App'x 327, 329 (11th Cir. 2009) (quoting *Chapman v. A.I. Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000)).

Defendant argues it is entitled to summary judgment on Plaintiff's claim of unlawful termination from her employment at Trail Auto. (*See generally* Mot.). Defendant argues Plaintiff cannot put forth evidence to establish pretext. (*See* Def.'s Mot. 10–11; Def.'s Facts ¶¶ 3–8). According to Defendant, Plaintiff's termination was part of an RIF, resulting from

economic pressures and Plaintiff's sub-par work performance, and not resulting from age discrimination. (*See* Def.'s Mot. 10–11; Def.'s Facts ¶¶ 3–25).

### B. *Prima Facie* Case

To establish a *prima facie* case of discrimination in the context of an RIF, Plaintiff must demonstrate (1) she was in a protected age group and was adversely affected by an employment decision; (2) she was qualified for her current position or to assume another position at the time of discharge; and Plaintiff must provide (3) evidence by which a fact finder could reasonably conclude the employer intended to discriminate on the basis of age in reaching its employment decision. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990); *Jameson v. Arrow Co.*, 75 F.3d 1528, 1532 (11th Cir. 1996). "Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." *Holifield*, 115 F.3d at 1562. Nevertheless, in the face of a defendant's motion for summary judgment, failure to satisfy any one of the elements of the *prima facie* case requires the entry of summary judgment for a defendant. *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432–33 (11th Cir. 1998). Here, for the purposes of its Motion only, Trail Auto concedes Plaintiff has established a *prima facie* case under the ADEA.[6] (*See* Def.'s Mot. 10).

---

[6] Plaintiff alleges she was qualified for various other positions at Trail Auto at the time of her discharge. (*See* Compl. ¶ 12). Sordo provides no facts showing there were any open positions at the time of her discharge or showing she made Defendant aware of her willingness to fill any other positions, potentially for lower pay. Likely, this is insufficient to make out a *prima facie* case on a failure to re-hire claim. *See Jameson*, 75 F.3d at 1533 (holding the ADEA does not require employers to "transfer or rehire laid-off workers in the protected age group as a matter of course. Rather, if the second element of the prima facie test . . . is to have any substantive meaning, it is that a discharged employee who applies for a job for which she is qualified . . . must be considered for that job . . . and cannot be denied the position based on age." (alterations added)). Because Trail Auto concedes Sordo can make a *prima facie* case for the purposes of summary judgment, the Court need not address the sufficiency of this allegation and proceeds to the next step in the *McDonnell Douglas* burden shifting framework, focusing only on the claim of pretext in the context of the RIF.

### C.   Legitimate, Nondiscriminatory Reason for Adverse Action

Because Plaintiff's *prima facie* case is conceded, the burden shifts to Trail Auto to come forward with evidence of a legitimate, nondiscriminatory reason for its decision to discharge Sordo. Trail Auto offers two reasons for discharging Plaintiff: (1) Sordo's allegedly unsatisfactory job performance; and (2) financial considerations. (*See* Def.'s Mot 10–11).

Both of Trail Auto's reasons are adequate to satisfy the employer's burden of production. *See Vessels v. Atlanta Indep. School Sys.*, 408 F.3d 763, 769–70 (11th Cir. 2005) (holding employer's burden is exceedingly light and is satisfied as long as the employer articulates a clear and reasonable nondiscriminatory basis for its actions). Financial considerations, along with a restructuring to accomplish cost savings, can be a legitimate reason for discharging an employee when these reasons are not used as a proxy for age. *See Ostrow v. GlobeCast Am. Inc.*, No. 10-61348-CIV, 2011 WL 4853568, at *12 (S.D. Fla. Oct. 13, 2011); *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 117 (2d Cir. 1991); *Thomure v. Philips Furniture Co.*, 30 F.3d 1020, 1024 (8th Cir. 1994); *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1125–26 (7th Cir. 1994). Similarly, an employer's good-faith belief that an employee had a sub-par work performance can serve as a legitimate business reason for an adverse employment action. *See, e.g.*, *Ritchie v. Indus. Steel, Inc.*, 426 F. App'x 867, 873 (11th Cir. 2011).

The employer's burden to set forth a legitimate reason "is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons.'" *Chapman*, 229 F.3d at 1024 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–55 (1981)). Because Trail Auto's proffered reasons for discharging Sordo satisfy its burden under the *McDonnell Douglas* framework, the burden shifts back to Plaintiff to show Trail Auto's reasons are merely pretext and the real reason for discharging Sordo was age discrimination.

**D.     Pretext**

To create a genuine dispute of material fact on the question of pretext, Sordo must demonstrate that Trail Auto's proffered legitimate business reason was not the real reason for her discharge. *See Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 1997). In other words, a plaintiff must "cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting *Cooper–Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994)). A plaintiff may do so "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 1528. To show indirectly an employer's proffered explanation is unworthy of credence, a plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson*, 405 F.3d at 1289 (quoting *Combs*, 106 F.3d at 1538).

"Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030 (footnote call number and citations omitted). In fact, "a plaintiff must show both that the reason proffered was false and that discrimination was the real reason for the action." *Kelsey v. Donley*, No. 09-201125-CIV, 2010 WL 1768577, at *7 (S.D. Fla. May 4, 2010) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 114 (11th Cir. 2010). "Although the intermediate burdens of production shift back and forth, the ultimate

burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir.2002) (citations omitted).

### 1. Sub-par Performance

Sordo challenges Trail Auto's characterization of her performance as sub-par, asserting this reason is merely pretextual. According to Sordo, she was an exemplary employee in her twenty-three years at Trail Auto; she was rarely, if ever, reprimanded; she conducted herself in the same manner as the other employees, particularly in regard to her cell phone usage during work hours; she was ready and willing to take the Miami-Dade Title Clerk Exam; she was a supervisor at the time of her discharge, regularly consulted by Prete on employee matters; she had job responsibilities outside of processing titles, resulting in a decreased efficiency rating when calculated only as number of titles processed per hour; she had held every position at Trail Auto with the exception of accountant; and she was given a letter of recommendation from Prete shortly after her discharge, stating she was an "excellent" employee. (*See generally* Pl.'s Facts; Sordo Decl.). In contrast, Trail Auto contends Plaintiff used her cell phone excessively during work hours, refused to take the Miami-Dade County Title Clerk Exam, was inflexible in her work hours, did not assist other employees, and was not effective in performing her job duties. (*See generally* Def.'s Facts; Prete Decl.).

On this record, Plaintiff has established a dispute of fact with respect to whether performance issues really motivated Trail Auto's decision to discharge her. Defendant presents no factual evidence regarding Plaintiff's job performance, other than the Prete Declaration. In her sworn testimony and submissions to the Court, Plaintiff disputes all of the job performance shortcomings asserted in the Prete Declaration. (*See* Pl.'s Facts ¶¶ 10–18). In short, the

evidence contains sufficient inconsistencies to raise a genuine dispute as to the quality of Plaintiff's job performance.

This, however, does not end the summary judgment inquiry. Instead, the Court must consider whether Sordo has presented sufficient evidence to call into question Trail Auto's alternative reason for discharging Plaintiff: financial considerations and the loss of work from the Kendall Group.

### 2.     Financial Considerations and the Loss of Work from the Kendall Group

Plaintiff does not dispute Defendant lost its biggest client in 2014. At the time of Plaintiff's discharge, Prete informed Sordo he was terminating her employment for budgetary reasons. (*See* Resp. 2). Trail Auto asserts it decided to execute an RIF in response to the loss of revenue from the Kendall Group. (*See* Def.'s Facts ¶¶ 3–5). To implement the RIF, Trail Auto formed a committee consisting of Prete and three other Trail Auto employees. (*See* Def.'s Facts ¶¶ 5–6). The committee made recommendations regarding the RIF. (*See id.* ¶¶ 5–8). Prete was the final decision maker regarding employment decisions. (*See* Def.'s Facts ¶¶ 1, 3–8; Pl.'s Facts ¶¶ 1, 3–8).

Because Trail Auto previously never used a committee when making employment decisions, Plaintiff maintains the RIF was a pretext for age discrimination. (*See* Pl.'s Facts ¶¶ 6–8). The Court disagrees. Sordo has not offered "any substantially probative evidence that age more likely than not motivated [her] discharge." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991) (alteration added). Plaintiff faces a difficult burden here, where the final decision maker — Prete — was "well over age forty and within the class of persons protected by the ADEA." (*Id.*; *see* Reply, Ex. A). Indeed, all of the committee members and all of Trail Auto's current employees are over age forty. (*See* Mot. ¶ 6; Reply, Ex. A).

Plaintiff attempts to meet her burden by quarrelling with the process Trail Auto used to select the individuals discharged in the RIF. (*See* Resp. 3–7). Yet, "the employer is free to choose whatever means it wants, so long as it is not discriminatory, in responding to bad economic conditions." *Beaver v. Rayonier, Inc.*, 200 F.3d 723, 728 (11th Cir. 1999). And,

> the plaintiff 'is not allowed to recast an employer's nondiscriminatory reasons or substitute [her] business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.'

*Usry v. Liberty Reg'l Med. Ctr., Inc.*, 560 F. App'x 883, 889 (11th Cir. 2014) (alteration in original; internal citation omitted) (quoting *Chapman*, 229 F.3d at 1030).

Sordo spends the first three and a half pages of her legal argument addressing her ability to establish a *prima facie* case of age discrimination. (*See* Resp. 8–11). As discussed, Defendant concedes a *prima facie* case for purposes of its Motion. *See* section III.A, *supra*. Sordo then devotes only the remaining two and a half pages arguing pretext, but never meets the RIF "head on and rebut[s] it." *Usry*, 560 App'x at 889 (alteration added).

Instead, Sordo confounds her arguments with those based on her job performance, arguing with the reasons she was chosen as one of the four employees discharged rather than with the reasons for the RIF. For example, Plaintiff provides an efficiency ranking of title clerks (*see* Resp., Ex. A, [ECF No. 27-1]), and points out two employees, both younger than Plaintiff, who had lower efficiency rankings than Plaintiff and were not discharged. (*See* Pl.'s Facts ¶ 17). This is not evidence the RIF itself was pretext for discrimination. It is not even evidence that age was a factor in creating this ranking.[7]

---

[7] Looking at other employees on the efficiency ranking is informative: the employee ranked highest on the efficiency scale, Zaira Mena, is reported to be sixty-two, and one of Defendant's oldest employees (*see* Resp., Ex. A; Reply, Ex. A); Yanet Gonzalez, on the other hand, ranked higher on the scale than Plaintiff, was one of Defendant's youngest employees, and was also discharged along with Plaintiff (*see*

Plaintiff also suggests "a past pattern [by Trail Auto] of terminating elderly employees." (Resp. 12 (alteration added)). But she provides no record evidence of this practice. This assertion is insufficient to establish the RIF was pretextual. Also insufficient is Sordo's reference to a statement about age made more than fifteen years prior to her termination. (*See* Resp. 5; Sordo Decl. ¶ 10). At most this may enable an inference of possible animus toward elderly employees. *See Standard v. A.B.E.L Services, Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998) (holding if decision maker's discriminatory statement is unrelated to employment decision at issue, the statement does not constitute direct evidence of discrimination, but may constitute circumstantial evidence). Yet, "[p]roof of discriminatory animus does not prove pretext unless it disproves the legitimate nondiscriminatory reason proffered by the employer." *Bradley*, 440 F. App'x at 808 (citing *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1300 (11th Cir. 2007)). Any potentially ageist statement by Prete, made more than fifteen years before the loss of work from the Kendall Group, fails to meet head on the need to conduct an RIF. Such a statement does nothing to disprove the need to cut costs. *See id.*

At the time of her discharge, Sordo was told the decision resulted from budgetary considerations (*see* Resp. 2); "this decision, as with most business decisions, is not for the courts to second-guess as a kind of super-personnel department." *E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000) (citing *Damon*, 196 F.3d at 1361 (noting that court is not concerned with whether employment decision was prudent or fair but only with whether it was motivated by unlawful discriminatory animus)).

---

Resp., Ex. A; Reply, Ex. A). Although looking at the evidence in the light most favorable to the nonmoving party, the Court finds the Plaintiff could survive summary judgment as to sub-par work performance (*see* III.C.1 *supra*), the efficiency ranking shows not all of the evidence Sordo cites supports her claim.

"[B]ecause the plaintiff bears the burden of establishing pretext [for discrimination], [s]he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 444 (11th Cir. 1996) (first two alterations in original; third alteration added), *disapproved of on other grounds by Combs*, 106 F.3d at 1533–35; *Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986) (discussing summary judgment standard)). Sordo has offered no probative evidence to challenge Trail Auto's claim of financial need as the reason behind her discharge. That Trail Auto lost the Kendall Group, its largest client, in 2014 is not contradicted. Plaintiff has shown neither "that the reason proffered was false [nor] that discrimination was the real reason for the action." *Kelsey*, 2010 WL 1768577, at *7 (alteration added).

As a result, Plaintiff has not met her burden to suggest Trail Auto's reason for terminating her is pretextual. *See Jones v. Miami-Dade Cnty.*, No. 0320674-CIV, 2005 WL 2456869, at *7 (S.D. Fla. July 29, 2005) ("The heart of the pretext inquiry is not whether the employee agrees with the reasons that the employer gives for the discharge, but whether the employer really was motivated by those reasons." (quoting *Standard*, 161 F.3d at 1333)). Plaintiff has not demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could find [all of those reasons] unworthy of credence." *Standard*, 161 F.3d at 1333 (alteration in original) (quoting *Combs*, 106 F.3d at 1538). Therefore, Trail Auto is entitled to summary judgment on Plaintiff's ADEA and FCRA claims.

## IV. CONCLUSION

For the foregoing reasons, it is

Case No. 15-22013-CIV-ALTONAGA/O'Sullivan

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 23]** is **GRANTED**. Final judgment for Defendant, Trail Auto Agency, Inc. will be entered by separate order. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of April, 2016.

*Cecilia M. Altonaga*
_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT COURT JUDGE**

cc:     counsel of record